EASTERN DIST.
*January*, 1836.

REBOUL'S HEIRS
*vs.*
BEHREN ET AL.

REBOUL'S HEIRS *vs.* BEHREN ET AL.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE
OF THE SECOND PRESIDING.

The sale of property on a twelve months' bond, does not satisfy the judgment on which the execution issued, or novate the debt. And when the property which was originally seized and sold on twelve months' credit, sells for less than the amount of the bond given at the first sale, any other property of the obligors in the bond, may be seized and sold to satisfy it.

Property held in common, cannot be sold under an execution against a part of the owners. Only the interest of the defendants in execution can be seized and sold; and an injunction, as to the rights of the other owners, will be maintained.

This suit commenced by injunction: it was instituted by three of the heirs of Louis A. Reboul, to injoin the defendants' execution, and the sheriff from selling three-eighths part of a tract of land which they inherited from their ancestor.

Reboul, in his life-time, purchased a tract of land from G. H. Behren, for two thousand dollars, payable by two instalments in the month of February, 1824–5, with ten per cent. interest thereon, and mortgage retained on the land until complete payment. In 1828, after the death of Reboul, Behren obtained a judgment against his widow and heirs for about one thousand three hundred dollars, the balance due on said tract of land, on which execution issued, the land seized and sold, and bought in on a twelve months' bond, for one thousand three hundred and seventy-six dollars, the full amount of the judgment, interest and costs, by *one of the heirs*, who gave his mother as security in the bond. When the bond became due, execution issued and the land in question again sold, but failed to bring the amount of the bond. A *pluries fieri facias*, afterwards issued against the principal and surety in the bond, and was levied on a tract of land held

in common between these obligors in the twelve months' bond, and the other heirs of Reboul, to wit, the plaintiffs. The latter claim three undivided eighths of this land, and obtained an injunction inhibiting the plaintiff in the execution, and the sheriff from selling it.

On the trial, the district judge who tried the cause, decided under the authority of the case of *Williams* vs. *Brent*, 7 *Martin, N. S.*, 205, that the sale on twelve months' credit did not discharge the original judgment, and that, consequently, the heirs of Reboul were all bound by it, their property liable to the execution which issued on the twelve months' bond. Judgment was rendered dissolving the injunction. The plaintiffs appealed.

*Labauve,* for the plaintiffs and appellants.

1. We contend that the creditor must make use of due diligence to make the money on the bond, and if he is unable to do so, he must show it by the return of the sheriff; and in that case he must take out a new execution on his original judgment.

2. In the present case, it appears the creditor is pursuing property of the other heirs, on an execution on a twelve months' bond, against only one of them.

*Mathews, J.,* delivered the opinion of the court.

In this case it appears that the defendant had obtained a judgment against the heirs of Reboul, for the price of a tract of land sold to their ancestor, part of which remained unpaid at his death. Execution issued on that judgment, and the said tract of land was seized and finally sold on a twelve months' bond, for an amount sufficient to satisfy the judgment and costs. One of the heirs was the purchaser, and gave his mother (who held property in community with them) as surety on the bond. They failed to pay the amount secured by the instrument, when it became due, and an execution issued against them, as provided for by law. The same property was levied on, but did not sell for enough to satisfy the debt. Another execution then was sued out against

The sale of property on a twelve months' bond does not satisfy the judgment on which the execution issued, or novate the debt. And when the property which was originally seized and sold on twelve months' credit, sells for less than the amount of the bond given at the first sale, any other property of the obligors in the bond may be seized and sold to satisfy it.

Property held in common cannot be sold under an execution against a part of the owners. Only the interest of the defendants in execution can be seized and sold; and an injunction as to the rights of the other owners will be maintained.

the obligors in the bond, and property was seized belonging jointly to them and the other heirs of Reboul, and still held in community. These heirs brought the present suit, in which they pray an injunction to prevent the sale of their interest in the property seized; this was granted, but the injunction was afterwards dissolved, and from the judgment of dissolution, they appealed.

It is true, as claimed on the part of the appellee, that the sale of the property on the twelve months' bond did not satisfy his judgment or novate the debt, and the course pursued by him to obtain satisfaction by seizing the property of the principal and surety in the bond, is correct; and their interest in the community property, may be rightfully seized and sold. But in pursuing them, he is not authorised to cause to be sold the interest of the other heirs; and had the sale proceeded without their interference, their rights to the property would not have been divested, by the mode of proceeding adopted in the present instance, the execution being against the parties to the bond on whom it operated as a judgment. The plaintiff in execution, should he fail to obtain his debt from these parties, may resort for redress to all the heirs of Reboul on his original judgment in the manner prescribed by law, the sale on credit being neither satisfaction nor novation. See the case of *Williams* vs. *Brent, 7 Martin, N. S.* 217–18. But in our opinion, he has no right to touch the property of the other heirs in the present mode of proceeding. The judgment of the court below is, therefore, erroneous in dissolving the injunction absolutely. The sheriff ought to have been suffered to proceed to sell the interest in the property seized, of the principal and surety to the bond, reserving that of the plaintiffs in the present suit for future investigation.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed and annulled, and it is further ordered, adjudged and decreed, that the injunction be reinstated and maintained, so far as the plaintiffs and appellants are interested in the property seized, until the rights and claims of the obligors in the twelve months'

bond be sold, as directed by the writ of execution; reserving to the defendant and appellee, his right to pursue on the original judgment, should he fail to obtain satisfaction in the present mode of pursuit, and that the appellee pay the costs of this appeal.