## DUNLAP v. SIMS.

A sale of property under execution, on a twelve-months' credit, neither satisfies the judgment, nor novates the debt.

In issuing execution on a twelve-months' bond given for the price of property sold under a *fi. fa.*, it is not required that the writ should be issued against the principal and surety in the bond, nor that it should be stated, in the body of the writ, that it was issued for the amount of a twelve-months' bond entered into by the principal and surety for the purchase of the property sold. It is sufficient that the writ direct the sheriff to seize and sell the property of the parties to the bond, and that the clerk endorse on it that it was issued on a twelve-months' bond, and that the property is to be sold for whatever it will bring in cash. C. P. 719, 720, 721. The style of the original suit should be preserved in the writ.

Where an injunction has been obtained to arrest an execution, but the want of the notice of seizure required by art. 654 of the Code of Practice is not made one of the grounds of injunction, and no evidence in relation to it appears in the record, the officer charged with the execution of the order of seizure will be presumed to have done his duty.

APPEAL from the District Court of Madison, *Curry*, J.

Sims recovered a judgment against *Gray*, on a joint note executed by *Day* and *Gray*, given for the purchase of a tract of land. *Dunlap* purchased the land at sheriff's sale, on twelve months' credit, and entered into bond, as required by the statute in such cases. *Sims* had an execution issued on his judgment against *Gray*, as stated in the opinion of the court *infra*, under which the sheriff seized the land and advertised it for sale, and the plaintiff enjoined the proceedings. From a judgment dissolving the injunction with damages, the plaintiff has appealed.

*Shannon*, for the appellant. The judgment of *Sims* v. *Gray*, was satisfied by the levy, or seizure and sale of *N. Gray's* property to the full amount of the

DUNLAP
v.
SIMS.

judgment, interest and costs. See 2 Lord Raymond's Rep. 1072. 1 Salk. Rep. 322. 4 Massachusetts Rep. 403. 7 Johnson's Rep. 428. 12 John. Rep. 3. Yerger's Rep. 298–9. 1 Howard's Miss. Rep. 67–69. 2 How. Rep. 852–3. 4 How. Rep. 350–1. 5 How. 574. 6 How. 513. The same decisions have been made in most of the States of the Union.

The case of *Williams* v. *Brent*, in 7 Mart. N. S. 205 to 222, seems to be the foundation on which all subsequent decisions have been made—that a sale of property on twelve-months' credit does not satisfy or novate the original judgment. The reasons given in the decisions in the common law States, *well apply* in this State. Article 719 of the Code of Practice requires, in the case of a forfeited twelve-months' bond, the clerk to issue an execution or *fi. fa.*, *as on final judgment*. The clerk should have issued the execution in favor of *Sims* against *Dunlap* and *Lilly*, the surety on the bond, for the amount of the twelve-months' bond, interest and costs, and have stated in the body of said execution, that the same is the amount of a twelve months' bond entered into by said *Dunlap* and *Lilly*, for the purchase of certain land, sold to satisfy a judgment of *Sims* v. *Gray*, which bond had not been paid. Then the payment of that amount would be a complete bar against any other execution on the twelve-months' bond. Issued as it has been, it would not prevent an execution from issuing on the bond. It has always been the policy of the law to require as much certainty in writs issuing from the court as is practicable. Can the sheriff proceed to sell the land of plaintiff, without giving him notice of the seizure as required by art. 654 of the Code of Practice? Under the prayer for general relief, the court is bound to notice every legal objection. See 12 Rob. Rep. 205.

*Stockton. Steele* and *Thomas*, for the defendant.

The judgment of the court was pronounced by

KING, J. *F. Sims*, the defendant in this action, obtained a judgment against *N. Gray*, and, in virtue of a *fieri facias* issued thereon, certain lands described in that judgment were seized, which, failing to produce two-thirds of their appraised value on the first exposure, were sold on a credit of twelve months, and adjudicated to *H. W. Dunlap*, the plaintiff, who gave his bond with surety, for the price, with five per cent interest. Several months after the maturity of the bond, *Sims* caused an execution to issue thereon, directing the sheriff to make its amount, with interest and costs, by seizing property of the principal and surety in the bond. *Dunlap*, the plaintiff. enjoined the writ, on the ground that he was no party to the judgment under which it issued, and that his property was illegally seized to satisfy it. The injunction was dissolved in the court below, with fifteen per cent damages and five per cent interest on the amount of the judgment enjoined, and the plaintiff has appealed. He contends that the judgment of *F. Sims* against *N. Gray*, was satisfied, by the seizure and sale of property to an amount sufficient to cover the debt, interest and costs, for which a twelve-months' bond was given.

No principle is better settled in our law, than that a sale of property under execution, on a credit of twelve months, neither satisfies the judgment nor novates the debt. The numerous authorities to which we have been referred from other States, where a different rule prevails, are wholly inapplicable here. 7 Mart. N. S. 205. 9 La. 92.

It is next contended that the clerk should have issued the execution in favor of *F. Sims*, against *Dunlap* and *Lilly*, the parties to the bond, and should have stated, in the body of the writ, that it was the amount of a twelve-months' bond entered into by *Dunlap* and *Lilly*, for the purchase of certain land, &c. No such recital in the body of the writ, as that contended for, is required by law. The writ directed the sheriff to seize and sell the property of *Dunlap* and *Lilly*, the parties to the bond; and on it the clerk endorsed that it was issued upon a twelve-months' bond, and that the property seized under it should be sold for whatever it would bring in cash, which is in strict accordance with the requirements

of the Code of Practice. See arts. 719, 720, 721. The style of the original suit was correctly preserved in the writ. This follows as a consoquence from the well recognized principle to which we have adverted, that a sale on twelve-months' credit operates no novation of the debt. The execution which issues on a twelve-months' bond, is to effect a sale for the purpose of satisfying the judgment.

The objection that the plaintiff was not served with the notice of seizure required by the 654th article of the Code of Practice, cannot be considered on this appeal. It was not made a ground of injunction by the plaintiff, and no evidence in relation to it appears in the record. In the absence of such testimony, the officer must be presumed to have done his duty.

The plaintiff has no just ground of complaint against the damages assessed by the lower court. The injunction was evidently obtained to protract the payment of a debt due, which the plaintiff in execution was proceeding legally to collect.

*Judgment affirmed.*