## No. 4552.

SUCCESSION OF JOHN HEITZLER—M. FRANK in opposition.

Where it was alleged, in opposition to the claim of a necessitous widow, that the adjudication of a debtor's property to himself, created the vendor's privilege to secure the twelve months bond which he gave;

Held —That an adjudication of this character does not create the vendor's privilege, because it does not transfer the ownership of the property, nor change the nature of the title and possession; that it neither satisfies the judgment, nor novates the debt; that it is not strictly a sale, but only a means by which a creditor acquires additional security for his debt.

APPEAL from the Parish Court, parish of East Feliciana. *Pipkin,* J. D. J. *Wedge,* for administrator and appellant. D. C. *Hardee,* for M. Frank, opposer and appellee.

Justices concurring: Ludeling, Taliaferro, Wyly.

WYLY, J. Michael Frank opposed the final account of the administrator of the succession of John Heitzler, on the ground that his claim of $435 is a mortgage and vendor's privilege debt, and should be paid out of the funds to be distributed in preference to the claim for $1000 set up by the necessitous widow of the deceased, the funds being insufficient to pay all the debts.

The court maintained the opposition; the administrator and the surviving widow have appealed.

It appears that the debt due to Frank is evidenced by a twelve months bond given by John Heitzler at the sale of his own property by a judgment creditor.

The question is, does the adjudication of a debtor's property to himself create the vendor's privilege to secure the twelve months bond which he gives. If the claim of the opponent be secured by the vendor's privilege, the court did not err in allowing it to be paid by preference over that of the necessitous widow. We think an adjudication of this character does not create the vendor's privilege, because it does not transfer the ownership of the property, nor change the character of the title and possession. It neither satisfies the judgment nor novates the debt; it is not strictly a sale, but only a means by which a creditor acquires additional security for his debt. 12 R. 206; 2 M. 178, 328, 331; 7 N. S. 221; 9 La. 92; 8 R. 180; 10 R. 154; 2 An. 239; 3 An. 381; 11 An. 184.

As there was no sale there was no vendor's privilege. The court therefore erred in allowing the claim of the opponent in preference to that of the necessitous widow. Revised Statutes of 1870, section 1693.

It is therefore ordered that the judgment appealed from be annulled,. and it is ordered that the claim of one thousand dollars set up by the necessitous widow be allowed as a preference claim ; that the claim of the opponent be placed on the final account as an ordinary debt, and: that the account as thus amended be homologated and become the judgment of the court.

It is further ordered that appellee pay costs of appeal.